NUMBER 13-01-697-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


IN RE: R. WAYNE JOHNSON a/k/a LEGAL EAGLE

__________________________________________________________________


On Petition for Writ of Prohibition or, Alternatively, Writ of Mandamus

 __________________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion Per Curiam


On October 9, 2001, Relator R. Wayne Johnson a/k/a Legal Eagle filed hispro se petition for writ of prohibition or,
alternatively, for writ of mandamus. Relator asserts that he has filed a suit styled Johnson v. Davis, assigned cause number
B-01-1273-CV-B below. He urges that defendant's counsel in that case has filed a motion for contempt against him
because he did not obtain the permission of the trial court to file any more lawsuits. He explains that the 36thdistrict judge,
before whom the motion for contempt is pending, is the administrative judge of Bee County from whom Relator must
obtain permission to file any more lawsuits. Relator adds that he has an appeal now pending before this Court arising from
a judgment entered below in cause number B-01-1159-CV-B. He asserts that, because the judgment appealed from is not
final, he "can file suits until all appeals are exhausted," although upon receiving notice of the motion for contempt he did
seek permission from the 36th district court to sue. Relator adds that, as of the date of the filing of the petition now before
us, the trial court has not ruled on his request. He seeks a writ of prohibition or mandamus to stop the 36th district court
from signing a contempt order. Relator urges that any day Respondent could sign the order of contempt and money would
be taken from his trust fund. 


Writ of Prohibition


A court of appeals may issue all writs necessary to enforce its jurisdiction. Tex. Gov't. Code Ann. § 22.221(a) (Vernon
Supp. 2000). A writ of prohibition is used to protect the subject matter of an appeal or to prohibit an unlawful interference
with the enforcement of a superior court's orders and judgments. In re Johnson, 961 S.W.2d 478, 481 (Tex. App. - Corpus
Christi 1997) (orig. proceeding), citing Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 683 (Tex.1989). Nothing in
Relator's petition points to any trial court action or, as alleged, expected action in cause number B-01-1273-CV-B below
that would interfere with the jurisdiction of this Court in appeal number 13-01-00550-CV, which arises from a separate
case below. Accordingly, we deny Relator's petition for writ of prohibition.

Writ of Mandamus

In order to be entitled to a writ of mandamus, the relator must show (1) a clear abuse of discretion by the trial court and (2)
that there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). 
Here, Relator complains that the trial court could sign a contempt order which, once signed, would deny him an adequate
remedy on appeal. Relator has not established his right to relief by mandamus. Therefore, we deny Relator's petition for
writ of mandamus. 



PER CURIAM

Do not publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 1st day of November, 2001.